**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH CHRISTOPHER MAZZIO,

    Petitioner,                      CASE NO. 2:19-13500
v.                                   HONORABLE NANCY G. EDMUNDS
                                        UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Joseph Christopher Mazzio, ("Petitioner"), currently on parole supervision with the Michigan Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit murder, M.C.L.A. § 750.83. Petitioner also filed a motion for equitable tolling.

The Court denies the motion for equitable tolling and summarily dismisses the petition for a writ of habeas corpus, because it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1) and a late petition cannot be saved by equitable or statutory tolling.

**I. Background**

Petitioner was found guilty following a jury trial in the Oakland County Circuit Court. Petitioner was initially sentenced to eighty eight months to thirty years in prison.

Petitioner's conviction and sentence was affirmed by the Michigan Court of Appeals. *People v. Mazzio*, No. 314685, 2014 WL 2218974 (Mich. Ct. App. May 27,

1

2014). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which resulted in his case being remanded back to the Oakland County Circuit Court for the trial court judge to consider whether a different sentence would have been imposed in light of the Michigan Supreme Court's decision in *People v Lockridge*, 498 Mich 358 (2015), which invalidated the Michigan Sentencing Guidelines. *People v. Mazzio*, 498 Mich. 902, 870 N.W.2d 711 (2015).

On July 25, 2016, petitioner was re-sentenced to seventy two months to thirty years in prison. The Michigan Court of Appeals affirmed the new sentence. *People v. Mazzio*, No. 334213, 2017 WL 6346060 (Mich. Ct. App. Dec. 12, 2017). On July 27, 2018, the Michigan Supreme Court denied petitioner leave to appeal. *People v. Mazzio*, 502 Mich. 938, 915 N.W.2d 467 (2018).

Petitioner, who is now on parole, filed his habeas petition and his motion for equitable tolling with this Court on November 25, 2019.

## II. Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts "provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the petition '[i]f it plainly appears ... that the petitioner is not entitled to relief.'" *Day v. McDonough*, 547 U.S. 198, 207 (2006). This Court must determine whether the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C. § 2244(d)(1), bars substantive review of petitioner's claims. This Court is "permitted ... to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. at 209. Before acting on its own initiative to dismiss a state prisoner's habeas petition as untimely, a federal

district court must give the parties fair notice and an opportunity to present their positions regarding the timeliness issue. *Id.* at 210. Petitioner in his motion for equitable tolling acknowledges that his petition was filed beyond the one year period but argues that any untimely filing should be equitably tolled based on petitioner suffering from post-traumatic stress disorder (PTSD). Petitioner has thus been given an opportunity to address the limitations issue. *See Plummer v. Warren,* 463 F. App'x 501, 505 (6th Cir. 2012); *see also Stewart v. Harry*, No. 17-1494, 2017 WL 9249946, at * 1 (6th Cir. Nov. 21, 2017).

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996, and it governs the filing date for the habeas application in this case because petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds, Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003)(dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Neal v. Bock*, 137 F. Supp. 2d 879, 885 (E.D. Mich. 2001)(dismissing a habeas petition filed over one month after the limitations period had expired as untimely). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Although the Michigan Supreme Court affirmed petitioner's conviction in 2015, petitioner's case was remanded to the Oakland County Circuit Court for re-sentencing pursuant to *People v. Lockridge*. Petitioner was re-sentenced on July 25, 2016 and then appealed his re-sentencing. Where state appellate courts affirm a habeas petitioner's conviction but reverse his sentence, the judgment against the petitioner becomes final, for commencing the one-year period for filing a habeas petition, when direct review of the new sentence is completed or the time for the petitioner to seek direct review expired. See Rashad v. Lafler, 675 F.3d 564, 567-69 (6th Cir. 2012).

Petitioner's appeal of his re-sentencing ended when the Michigan Supreme Court denied petitioner leave to appeal on July 27, 2018. Petitioner's conviction became final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment thus became final on October 25, 2018, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court after his re-sentencing appeal had been denied by the Michigan Supreme Court. *See Craig v. Coleman*, No. 17-4099, 2018 WL 5281956, at *2 (6th Cir. Apr. 18, 2018). Petitioner had until October 25, 2019 to file his habeas petition in compliance with the one year limitations period. Petitioner acknowledges that his petition was filed on November 25, 2019, one month after the limitations period had expired. The habeas petition is untimely.

Petitioner in his motion for equitable tolling argues that the limitations period should be equitably tolled because he was diagnosed by the Veterans' Administration in October of 2018 with Post-Traumatic Stress Disorder (PTSD). Petitioner claims that his PTSD prevented him from timely filing his petition.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The

burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id.*

A habeas petitioner's mental incompetence or incapacity may provide a basis for equitable tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In order to obtain equitable tolling of the AEDPA's statute of limitations on the basis of mental incompetence, a habeas petitioner must show that (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations. *Id.* Significantly, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (internal citation omitted). In order for a habeas petitioner's mental incapacity to warrant equitable tolling of the AEDPA's statute of limitations, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson v. Simpson,* 624 F.3d at 785. Moreover, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008); *see also Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition." *McSwain,* 287 F. App'x at 456, *see also Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002). A habeas petitioner must allege more than the "mere existence of physical or mental ailments" in order to qualify for the equitable tolling of the AEDPA's statute of limitations. *Brown v. McKee,* 232 F. Supp. 2d at 767. Finally, the Sixth Circuit has noted that "mental illness is not the same as mental incompetence." *Watkins v. Deangelo-Kipp*,

6

854 F.3d 846, 852 (6th Cir. 2017)(citing *Cowans v. Bagley*, 639 F.3d 241, 247–47 (6th Cir. 2011)).

Petitioner is not entitled to equitable tolling of the limitations period based on his alleged mental incompetency because he has presented no evidence of his mental health during the limitations period. See *Watkins v. Deangelo-Kipp,* 854 F.3d at 851. Although petitioner claims that he has been diagnosed with Post-Traumatic Stress Disorder, petitioner has provided no evidence to this Court concerning his diagnosis nor has petitioner shown that he was mentally incompetent during any portion of the statute of limitations period. *See Price v. Jamrog*, 79 F. App'x 110, 112–13 (6th Cir. 2003)(determining that, though petitioner argued that he suffered from bipolar disorder, there is nothing in the record to suggest that petitioner was incompetent during all or even a significant portion of the limitations period).

More importantly, petitioner failed to show that his alleged mental illness was the cause of his untimely filing. *Watkins v. Deangelo-Kipp,* 854 F.3d at 853. Petitioner pursued several challenges to his conviction in the state courts as well as federal post-conviction relief while suffering from his alleged mental impairment; therefore, he has failed to show a causal connection between his mental impairment and his ability to timely file a habeas petition, so as to justify the equitable tolling of the limitations period. *Id.*; *see also McSwain v. Davis,* 287 F. App'x at 457; *Bilbrey v. Douglas,* 124 F. App'x 971, 973 (6th Cir. 2005).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has

7

cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005).

### III. A Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v.*

8

*Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 854 (E.D. Mich. 2010).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. CONCLUSION

IT IS HEREBY ORDERED that the motion for equitable tolling (ECF No. 2) is DENIED and the petition for a writ of habeas corpus (ECF No. 1) is SUMMARILY DENIED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d)(1).

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Petitioner will be denied leave to appeal *in forma pauperis.*

Dated: January 8, 2020

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
**UNITED STATES DISTRICT COURT**